FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 15, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STANLEY E. H., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | NO: 1:19-CV-3282-RMP <br><br> ORDER ADOPTING REPORT AND RECOMMENDATION |

BEFORE THE COURT is United States Magistrate Judge John T. Rodgers' Report and Recommendation ("R & R"), ECF No. 18 (Oct. 14, 2020), to deny Plaintiff Stanley E. H.'s[1] motion for summary judgment, ECF No. 10, and grant Defendant Commissioner of Social Security's (the "Commissioner's") cross-motion for summary judgment, ECF No. 15.  On October 22, 2020, Plaintiff timely objected to the R & R.  ECF No. 19.  The Commissioner responded to the

---

[1] In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial.

ORDER ADOPTING REPORT AND RECOMMENDATION ~ 1

objection on November 5, 2020.  ECF No. 20.  The Court has reviewed the R & R, the Plaintiff's objections and the parties' other submissions, the relevant law, and is fully informed.

## LEGAL STANDARD

Upon objection to a magistrate's report and recommendation, district courts review de novo "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  The Court applies the overarching legal standard that the Social Security Commissioner's final determination that a claimant is not disabled must be upheld if:  (1) the "proper legal standards" have been applied; and (2) "substantial evidence in the record as a whole" supports that determination." *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986).

If the evidence "is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).  The Court may affirm the ALJ's decision even if the ALJ made an error, so long as the error was harmless, meaning it was "inconsequential to the ultimate nondisability determination." *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006)).

## DISCUSSION

In objecting to Magistrate Judge Rodgers' recommended disposition of Plaintiff's appeal, Plaintiff argues that the Court should reverse the Administrative

ORDER ADOPTING REPORT AND RECOMMENDATION ~ 2

1  Law Judge's findings ("ALJ") because the ALJ failed to properly evaluate the

2  medical opinion evidence and Plaintiff's testimony.  *See* ECF No. 19.  The

3  Commissioner responds that the ALJ's reasoning was supported by substantial

4  evidence and Plaintiff has not identified any errors in the R & R, but is merely

5  asking the Court to reweigh the evidence.  *See* ECF No. 20.

6  Having reviewed de novo the portions of the report and specified proposed

7  findings to which Plaintiff objected, the Court finds that the Report and

8  Recommendation appropriately addressed Plaintiff's arguments regarding the

9  medical opinion evidence and Plaintiff's testimony, consistent with the relevant

10  legal standards and the record in this case.  ECF No. 18 at 5–11.

11  **I.    Medical Opinion Evidence**

12  Plaintiff argues that the ALJ improperly weighed the opinion evidence,

13  including the opinions from treating physician, Dr. Powers, and examining

14  psychologist, Dr. Billings. ECF No. 10 at 10-17.

15  When an examining or treating physician's opinion is contradicted by

16  another physician, the ALJ is required to provide "specific and legitimate reasons,"

17  based on substantial evidence, to reject the opinion.  *Andrews v. Shalala*, 53 F.3d

18  1035, 1041 (9th Cir. 1995).  An ALJ needs less substantial evidence to reject an

19  examining physician's opinion than to reject a treating physician's opinion.  *Lester*

20  *v. Chater*, 81 F.3d 821, 831 n. 8 (9th Cir. 1995).

21

### A. Dr. Powers

First, Plaintiff claims that the ALJ reversibly erred by wholly ignoring Dr. Powers' findings related to Plaintiff's limitations from epilepsy and headaches, and that the ALJ's failure to provide specific reasons for rejecting those portions of Dr. Powers' opinion is basis for remand. ECF No. 19 at 2. Dr. Powers opined that Plaintiff had mild limitations from epilepsy and moderate limitations from chronic headaches. Tr. 491.

The ALJ found that Dr. Powers' opinion, including those portions related to Plaintiff's limitations from epilepsy and headaches, was not persuasive or consistent with the record. Tr. 29. An ALJ may reasonably consider a medical opinion's consistency with the record as a whole. 20 C.F.R. 416.927(c)(4). The ALJ noted that Plaintiff has not had a generalized tonic-clonic seizure since 2015, before his alleged onset date of disability, and that Plaintiff's self-reported "little seizures" were not detailed by a medical professional. Tr. 27. The ALJ further noted that Plaintiff's activities do not reflect that he has severe migraines that can be considered debilitating. Tr. 28. Although Dr. Powers opined that Plaintiff had moderate limitations due to headaches, the ALJ rejected the allegations about problems such as headaches because they were "highly dependent" on Plaintiff's "subjective reporting." *Id.* Contrary to Plaintiff's argument, the ALJ sufficiently explained why Dr. Powers' opinion as to Plaintiff's limitations stemming from alleged epilepsy and headaches was not fully credited.

1     Second, Plaintiff argues that the ALJ's conclusion that the sedentary
2 limitations had its "main basis" in the back pain is speculation.  ECF No. 19 at 3.
3 However, the Physical Functional Evaluation completed by Dr. Powers plainly
4 reveals that "chronic back pain" was in her opinion the most severe impairment,
5 with a severity rating of 4 meaning "very significant" and affecting the following
6 basic work activities:  sitting, standing, walking, lifting, carrying, reaching,
7 stooping, and crouching.  Tr. 491.  Thus, the ALJ's finding that "the main basis for
8 the sedentary rating was his back pain, which was at the marked level" is not
9 speculative.  Tr. 29.
10    Third, Plaintiff argues that the reasons provided by the ALJ are insufficient
11 to support rejecting Dr. Powers' assessment.  ECF No. 19 at 3.  The ALJ found
12 that the severity of pain Plaintiff told Dr. Powers he was experiencing was later
13 contradicted by statements to other providers.  Tr. 29; *compare* Tr. 495 (December
14 29, 2016: "The patient describes the pain as sharp, aching, stabbing, and throbbing.
15 The pain is constant.") *with* Tr. at 620 (December 30, 2016: "Client denies having
16 issues with pain this week.").  "He reported that he went hiking for 12 miles as
17 well as walked normally for 30 miles daily."  Tr. 29.  Although the Report and
18 Recommendation found that Plaintiff's assertion that he walked 30 miles in two
19 hours is not realistic, the R & R also noted that the record contains many instances
20 of Plaintiff's reports of walking daily.  Tr. 1332, ECF No. 18 at 7 n. 3.
21

ORDER ADOPTING REPORT AND RECOMMENDATION ~ 5

Plaintiff's alleged 30 mile walk was not the sole basis that the ALJ articulated in rejecting Dr. Powers' opinion. *See* ECF No. 18 at 7 ("While not contained in the specific paragraph about Dr. Powers, the ALJ also gave additional reasons for her assignment of greater weight to the state agency opinions, including noting that there was no objective evidence in the file to support a finding that Plaintiff's condition had worsened since the previous unfavorable decision, and thus finding Plaintiff had not rebutted the presumption of continuing non-disability arising under AR 97-4(9).") (citing Tr. 27, 30). Plaintiff argues that the Court should disregard these additional reasons because they appear in other paragraphs of the opinion. However, the Court does not read the authority provided by Plaintiff so broadly as to constrain the Court's review to a single paragraph. *See Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014) ("We are constrained to review the reasons the ALJ asserts.").

Accordingly, the Court adopts the Report and Recommendation's findings as to the sufficiency of the ALJ's rationale in rejecting Dr. Powers' opinion as unreliable or inaccurate.

**B. Dr. Billings**

Plaintiff claims that the ALJ failed to give any reason to discount Dr. Billings' disabling limitations. ECF No. 19 at 6. Dr. Billings opined that Plaintiff would require repetition and have difficulty working closely with co-workers. Tr. 653. The ALJ did not rely substantially on Dr. Billings' opinion, however agreed

ORDER ADOPTING REPORT AND RECOMMENDATION ~ 6

1   that Plaintiff would have some difficulty with concentration, memory, directions,

2   and interaction.  Tr. 29.  The ALJ noted that Dr. Billings' opinion was not contrary

3   to the finding that Plaintiff has residual functional capacity to perform light work.

4   *Id*.  The ALJ further stated: "[u]nskilled work generally is routine, repetitive work

5   in nature.  It involves simple tasks, little to no decision making, work around

6   objects (vs. people), little to no judgment, and minimal changes." *Id.* at 30.

7         Magistrate Judge Rodgers found that the ALJ did not err because the ALJ is

8   responsible for translating and incorporating clinical findings into a succinct RFC

9   ECF No. 18 at 7–8 (citing *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th

10  Cir. 2008)).  Furthermore, as set forth in the R & R, the ALJ sufficiently addressed

11  Plaintiff's limitations opined by Dr. Billings in the RFC.  ECF No. 18 at 8.  The

12  Court agrees.  The ALJ set forth her reasoning with respect to Dr. Billings "in a

13  way that allows for meaningful review." *Brown-Hunter v. Colvin*, 806 F.3d 487,

14  492 (9th Cir. 2015).  The ALJ's finding was not contrary to the opinion of Dr.

15  Billings, and to the extent one could argue it was, the ALJ sufficiently addressed

16  why the alternative argument would be inconsistent with the record.  Tr. 30.

17        Accordingly, the Court adopts the Report and Recommendation's findings

18  with respect to Dr. Billings' opinion and its incorporation into the RFC.

19  **II.    Plaintiff's Testimony**

20        Plaintiff alleges that the ALJ improperly assessed Plaintiff's testimony

21  regarding his symptoms as unreliable. ECF No. 19 at 6–7. Magistrate Judge

1  Rodgers found that the ALJ offered clear and convincing reasons for discounting

2  Plaintiff's allegations. ECF No. 18 at 10. Furthermore, Magistrate Judge Rodgers

3  found that "[w]hile some of the activities the ALJ pointed to were manifestations

4  of Plaintiff's delusions, the ALJ offered other clear and convincing reasons for

5  discounting Plaintiff's testimony, so any error was harmless." *Id*. at 11 (citing

6  *Carmickle v. Comm'r Soc. Sec. Admin*, 533 F.3d 1155, 1163 (9th Cir. 2008)).

7  Plaintiff disputes the standard for assessing harmless error as applied in the R & R.

8  ECF No. 19 at 7.

9      "Harmless error" is that which is "inconsequential to the ultimate

10 nondisability determination." *Stout v. Comm'r, Soc. Sec. Admin*., 454 F.3d 1050,

11 1055 (9th Cir. 2006). "So long as there remains 'substantial evidence supporting

12 the ALJ's conclusions on . . . credibility' and the error 'does not negate the validity

13 of the ALJ's ultimate [credibility] conclusion,' such is deemed harmless and does

14 not warrant reversal." *Carmickle v. Comm'r, Soc. Sec. Admin*., 533 F.3d 1155,

15 1162 (9th Cir. 2008) (quoting *Batson v. Comm'r of Soc. Sec. Admin*., 359 F.3d

16 1190, 1195–97 (9th Cir. 2004)). The relevant inquiry is "whether the ALJ's

17 decision remains legally valid, despite such error. *Carmickle*, 533 F.3d at 1162.

18     The Report and Recommendation does not provide the incorrect standard for

19 assessing harmless error; Plaintiff merely disagrees with how the standard is

20 applied to the facts of the case. Plaintiff argues that the ALJ's use of Plaintiff's

21 delusions, which is a component of his disability, as evidence against him was not

a minor error in credibility, but rather the basis for the ALJ's conclusions supporting a non-disability determination. ECF No. 19 at 10.

Here, the ALJ's decision finding Plaintiff less than fully credible is valid, despite any reliance on activities that were products of purported delusions. *See Carmickle*, 533 F.3d at 1163. "Multiple inconsistencies severely undermine the overall reliability of his allegations." Tr. 27–28. The inconsistencies cited include several contradictory reports made to different providers by Plaintiff. *Id.* One provider even concluded that the Plaintiff was malingering, and Plaintiff admitted to the same. Tr. 681 ("Client reports feeling upset about the doctor telling him he was malingering. Client reports he did not shower or trim his beard for over a week before he met with the doctor, client recognizes that he was trying to make his case sound more urgent or severe than it really was.").

The ALJ's credibility determination remains legally valid, despite any reliance on Plaintiff's reported activities that were products of his delusions. Thus, the Court adopts the Report and Recommendation with respect to the ALJ's credibility determination as to Plaintiff.

Accordingly, the Court **ADOPTS** the Report and Recommendation, **ECF No. 18,** in it's entirety. Consequently, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 10**, is **DENIED**.
2. Defendant's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED**.

ORDER ADOPTING REPORT AND RECOMMENDATION ~ 9

3.     The District Court Clerk is directed to enter judgment for Defendant.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order, enter judgment as directed, provide copies to counsel, and **close this case.**

**DATED** January 15, 2021.

                                  *s/ Rosanna Malouf Peterson*
                              ROSANNA MALOUF PETERSON
                                United States District Judge